# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PHYLLIS E. BANKS,
            Appellant,

            v.

DEPARTMENT OF VETERANS
    AFFAIRS,
            Agency.

DOCKET NUMBER
SF-0752-16-0381-I-1

DATE: September 16, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Phyllis E. Banks</u>, Inglewood, California, pro se.

<u>Maureen Ney</u>, Esquire, Los Angeles, California, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to clarify the basis for the dismissal, we AFFIRM the initial decision.

¶2 The appellant, a nonpreference eligible, received a career conditional appointment to the excepted-service position of Medical Support Assistant, GS-5, effective July 26, 2015. Initial Appeal File (IAF), Tab 5 at 21. The appointment was subject to completing a 1-year "probationary/trial/period." *Id.* On March 2, 2016, the agency notified the appellant that she was to be terminated during her "probationary period," effective March 16, 2016, based on her repeated failure to demonstrate satisfactory performance of her assigned duties, and failure to follow instructions. *Id.* at 17-19. Instead, the appellant resigned from her position, effective March 15, 2016. *Id.* at 22.

¶3 On appeal, the appellant challenged her termination, claiming that she was not counseled or warned in advance, that the assessment of her work was biased in that it was made by a peer, that there were no operating procedural manuals and that she was denied training, that the reasons for her termination were not sufficient for her to respond, and that she was not afforded union representation. She claimed that the agency subjected her to a hostile work environment, including harassment and bullying. She also alleged that the agency's action was retribution for her having sought assistance from the union,

and she indicated that she had "started" an equal employment opportunity claim, but that she did not proceed with it. IAF, Tab 1 at 7-8. She requested a hearing. *Id.* at 1.

¶4    On April 1, 2016, the administrative judge issued an order setting forth the limited means by which an excepted‑service employee such as the appellant can establish the Board's jurisdiction over her termination,[2] 5 U.S.C. §§ 7511(a)(1)(B); (C)(i), (C)(ii); IAF, Tab 3 at 2-4, and directing her to file evidence and argument by April 11, 2016, to establish why her appeal should not be dismissed, IAF, Tab 3 at 5-6. The appellant did not file a response by the designated date. The administrative judge's order further provided that, if the agency wished to respond to the order, its response must be received by April 21, 2016, *id.* at 6. The agency's response, electronically filed with the Board on April 20, 2016, included a motion to dismiss the appeal for lack of jurisdiction. IAF, Tab 5.

¶5    On April 27, 2016, the administrative judge issued an initial decision based on the written record. IAF, Tab 6, Initial Decision (ID) at 5. She found that the appellant served in the excepted service but was not a preference eligible, that she was serving a "one-year initial probationary period,"[3] and that the record contained no evidence that she had any prior Federal civilian service when she began her employment with the agency. The administrative judge concluded that the appellant failed to establish that she was an "employee" within the meaning of 5 U.S.C. § 7511(a)(1), and that the appeal must be dismissed for lack of

---

[2] The administrative judge also provided the appellant information on Board jurisdiction over employees terminated in the first year of a Veterans Recruitment Appointment, 5 C.F.R. § 307.105, and employees whose termination was based in whole or in part on preappointment reasons, 5 C.F.R. § 315.805. IAF, Tab 3 at 4-5. Neither of these provisions is applicable to the appellant, however, because they are reserved for incumbents of positions in the competitive service.

[3] Only employees in the competitive service serve probationary periods. 5 C.F.R. § 315.801. Employees in the excepted service serve trial periods. *El v. Department of Commerce*, 123 M.S.P.R. 76, ¶ 4 n.5 (2015).

jurisdiction. The administrative judge found that, absent an appealable matter, the Board lacks jurisdiction over the appellant's claims of reprisal. ID at 4-5.

¶6        On April 28, 2016, the appellant sent a response to the agency's submission, but, because it was received in the Board's regional office after the initial decision was issued, the administrative judge returned it to the appellant.[4] IAF, Tab 8.

¶7        The appellant has filed a petition for review, Petition for Review (PFR) File, Tab 1, to which the agency has responded in opposition, PFR File, Tab 3.

¶8        On review, the appellant first argues that she immediately responded to the agency file and motion to dismiss after notifying the Board employee identified in the administrative judge's acknowledgment order that she intended to do so, but that it was returned to her without review. PFR File, Tab 1 at 3. In its April 20, 2016 response to the administrative judge's jurisdictional order, the agency agreed to send a printed copy of its response file to the appellant "by the end of the next business day," IAF, Tab 5 at 24, or by April 21, 2016.[5] The Board has recognized that documents placed in the mail are presumed to be received in 5 days. *Williamson v. U.S. Postal Service*, 106 M.S.P.R. 502, ¶ 7 (2007). It is presumed, therefore, that the appellant received the agency response on April 26, 2016, and indeed she states that she received it on that date. PFR File, Tab 1 at 8. As such, the administrative judge's issuance of the initial decision on April 27, 2016, was premature and the appellant's April 28, 2016 pleading should have been considered. *See* 5 C.F.R. § 1201.59(c) (a party must be allowed to respond to new evidence or argument submitted by the other party just before the close of the record). We do so now in the context of this Order.

¶9        Preliminarily, though, we point out that, although the administrative judge adjudicated this appeal as a removal—specifically, a termination effected during

---

[4] A copy of the submission was retained in the record below. IAF, Tab 8.

[5] The appellant did not register as an e-filer.

the appellant's trial period—the appellant was not, in fact, terminated.  Rather, she elected to, and did, resign the day before her termination was to be effective.  IAF, Tab 5 at 15, 22.  The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation.  *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985).  Chapter 75 of title 5 grants the Board jurisdiction to hear appeals of certain enumerated adverse actions, including removals.  An employee's voluntary action, such as a resignation, is generally not appealable to the Board under chapter 75.  *Parrott v. Merit Systems Protection Board*, 519 F.3d 1328, 1332 (Fed. Cir. 2008).  An involuntary resignation, however, is equivalent to a forced removal within the Board's jurisdiction under chapter 75.  *Id.*  The administrative judge here did not consider whether the appellant was contending that her resignation was involuntary and did not otherwise advise her of how she might raise a nonfrivolous claim of involuntariness.

¶10      Nevertheless, even if an individual is subjected to an appealable adverse action, only an "employee," as defined under section 7511, can appeal the adverse action to the Board.  *Barrand v. Department of Veterans Affairs*, 112 M.S.P.R. 210, ¶ 8 (2009).  Because, as set forth below, the appellant has not established that she is an "employee," the administrative judge's adjudicatory error in not considering whether the appellant was raising a claim of involuntary resignation did not prejudice her substantive rights.  *Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984).

¶11      The administrative judge found that the appellant had served less than 1 year in her position, less than the 2 years required under 5 U.S.C. § 7511(a)(1)(C)(ii), that the record contained no evidence that she had any prior Federal civilian service when she began with the agency, and that therefore she was not an employee under 5 U.S.C. § 7511(a)(1)(C).  ID at 4.  However, in the pleading the appellant filed in response to the agency file—the pleading the administrative judge did not consider—the appellant submitted a Postal Service

Form 50 showing that she entered on duty as a Mail Handler with the U.S. Postal Service on April 6, 2015. PFR File, Tab 1 at 22. Although unexplained, the form also shows a "TSP Service Comp. Date" of November 14, 2012, which lends support to the appellant's claim that she had 3 years of seniority. *Id.* at 4-6. The appellant further claims that she was forced to resign from her position at the U.S. Postal Service prior to her beginning employment with the agency, but no documents show the manner in which her service with the U.S. Postal Service ended. We need not resolve these issues, however, because, under 5 U.S.C. § 7511(a)(1)(C)(ii), the appellant must have completed 2 years of current continuous service in the same or similar positions in an Executive agency under other than a temporary appointment limited to 2 years or less. Any service the appellant may have had with the U.S. Postal Service, even if it were current and continuous and even if it were in the same or similar position, cannot be considered toward the 2-year requirement because the U.S. Postal Service is neither an Executive department, 5 U.S.C. § 101, nor a Government corporation, § 102, nor an independent establishment, § 104, and therefore it is not an Executive agency. 5 U.S.C. § 105; *Nigg v. U.S. Postal Service*, 91 M.S.P.R. 164, ¶ 9 (2002), *aff'd*, 321 F.3d 1381 (Fed. Cir. 2003).

¶12     Because the appellant is not an "employee" under 5 U.S.C. § 7511(a)(1), the Board lacks jurisdiction over the appeal of her termination during her trial period, and, in the absence of Board jurisdiction, neither her claims regarding the merits of the agency's action, the procedures followed, nor her allegations of reprisal can be considered. PFR File, Tab 1 at 9-12. Further, because the appellant failed to nonfrivolously allege that the Board has jurisdiction over her appeal, the administrative judge did not abuse her discretion in failing to convene the requested hearing. *Id.* at 8; *see Liu v. Department of Agriculture*, 106 M.S.P.R. 178, ¶ 8 (2007).

**NOTICE TO THE APPELLANT REGARDING
YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.  You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

The court must receive your request for review no later than 60 calendar days after the date of this order.  *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012).  If you choose to file, be very careful to file on time.  The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed.  *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right.  It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012).  You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm.  Additional information is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD: _____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.